**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**LAWRENCE TURNER**                                                      **PLAINTIFF**

**V.**                            **No. 4:25-CV-01029-KGB-ERE**

**SOCIAL SECURITY ADMINISTRATION,**
**Commissioner**                                                         **DEFENDANT**

**RECOMMENDED DISPOSITION**

This Recommended Disposition ("RD") has been sent to United States Chief District Judge Kristine G. Baker. You may file objections if you disagree with the findings and conclusions set out in the RD. Objections should be specific, include the factual or legal basis for the objection, and be filed within fourteen days. If you do not object, you risk waiving the right to appeal questions of fact.

## I.    Background

On December 2, 2022, Mr. Lawrence Turner filed an application for benefits due to high blood pressure, pancreatitis, upper and lower GI issues, liver problems, depression, left middle finger removal, and gout. *Tr. 17, 250.*

Mr. Turner's claim was denied initially and upon reconsideration. At Mr. Turner's request, an Administrative Law Judge ("ALJ") held a hearing on April 15, 2024, where Mr. Turner appeared with his lawyer, and the ALJ heard testimony from Mr. Turner and a vocational expert ("VE"). *Tr. 32-71.* The ALJ issued a decision on July 25, 2024, finding that Mr. Turner was not disabled. *Tr. 17-26.* The

1

Appeals Council denied Mr. Turner's request for review, making the ALJ's decision the Commissioner's final decision. *Tr. 1-3.*

Mr. Turner, who was fifty-three years old at the time of the hearing, has an associate degree and past relevant work experience as a maintenance mechanic and a mold setter. *Tr. 38-39, 65.*

## II.    The ALJ's Decision[1]

The ALJ found that Mr. Turner had not engaged in substantial gainful activity since the alleged onset date of July 14, 2021. *Tr. 19.* The ALJ also concluded that Mr. Turner had the following severe impairments: pancreatitis; pseudocyst, status post-endoscopic retrograde cholangiopancreatography ("ERCP") with pancreatic-duct stent placement; inguinal hernia; and alcohol abuse disorder. *Tr. 20.* However, the ALJ concluded that Mr. Turner did not have an impairment or combination of impairments that met or equaled an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Tr. 21.*

According to the ALJ, Mr. Turner had the residual functional capacity ("RFC") to perform light work, with the following limitations: (1) occasional

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)-(g) and 20 C.F.R. § 416.920(a)-(g).

climbing, balancing, stooping, kneeling, crouching, and crawling;  (2) frequent use of the upper extremities to reach, handle, finger, and feel. *Tr. 22.*

In response to hypothetical questions incorporating the above limitations, the VE testified that a substantial number of potential jobs were available in the national economy that Mr. Turner could perform, including price marker, sales attendant, and cafeteria attendant. *Tr. 25, 66.* Accordingly, the ALJ determined that Mr. Turner was not disabled.

## III.    Discussion

### A.    Standard of Review

In this appeal, the Court must review the Commissioner's decision for legal error and determine whether the decision is supported by substantial evidence on the record as a whole. *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (citing *Halverson v. Astrue*, 600 F.3d 922, 929 (8th Cir. 2010)). "Substantial evidence" in this context means "enough that a reasonable mind would find [the evidence] adequate to support the ALJ's decision." *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (citation omitted). In making this determination, the Court must consider not only evidence that supports the Commissioner's decision, but also evidence that supports a contrary outcome. *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015). The Court will not reverse the Commissioner's decision, however, "merely because

substantial evidence exists for the opposite decision." *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) (citation omitted).

### B.    Mr. Turner's Arguments for Reversal

Mr. Turner asserts that the Commissioner's decision is not supported by substantial evidence, because the ALJ failed to adequately consider his pancreatitis. *Doc. 7.* After carefully reviewing the record as a whole, I recommend affirming the Commissioner.

### C.    Analysis

Mr. Turner alleges that he suffers from incurable pancreatitis that gives him immense abdominal pain and the ALJ should have found him disabled *Id.*

Mr. Turner's argument is simply his disagreement with the ALJ's interpretation of the evidence of record. However, the issue before the Court is not whether substantial evidence supports Mr. Turner's claim, but whether substantial evidence supports the ALJ's decision. "So long as substantial evidence supports the ALJ's decision, [the Court] will not reverse even if substantial evidence would have supported a contrary decision or even if [the Court] would have decided the case differently." *Pierce v. Kijakazi*, 22 F.4th 769, 771 (8th Cir. 2022). The ALJ conducted a thorough review of the medical evidence and pointed out inconsistencies between Mr. Turner's complaints and the record.

Normally, the Court should defer to an ALJ's assessment of claimant's subjective complaints. *Grindley v. Kijakazi*, 9 F.4th 622, 630 (8th Cir. 2021). An ALJ's brevity is not reversible error so long as the ALJ's reasoning allows for "appropriate judicial review." *Id.* When evaluating the consistency between subjective complaints and the record as a whole, an ALJ considers, in addition to the objective medical evidence, various factors, including: a claimant's daily activities; the duration, frequency, and intensity of symptoms; the dosage and effectiveness of medication; precipitating and aggravating factors; and functional restrictions. *See* Social Security Ruling 16-3p, 2017 WL 5180304, *2 (Oct. 25, 2017); *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984). A claimant's subjective allegations may be discounted if the evidence, as a whole, is inconsistent with the allegations. *Cox v. Barnhart*, 471 F.3d 902, 907 (8th Cir. 2006). In short, an ALJ may discredit some or all of the subjective statements in the record, based on a review of the above *Polaski* factors. The ALJ need not explicitly discuss each of the *Polaski* factors in the written decision if it is clear they were considered. *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004).

The ALJ discussed Mr. Turner's pancreatitis but noted that he could "complete activities of daily living independently; and he continued drinking alcohol throughout most of 2022, despite ongoing instructions to avoid alcohol consumption." *Tr. 23*. The ALJ's finding is supported by the record evidence, which

shows that Mr. Turner was told repeatedly that he needed to "abstain from alcohol" which would "help prevent recurrence of his alcoholic pancreatitis pain." *Tr. 390, 391, 433, 434, 435, 478, 517, 622, 736, 930, 1016, 1025, 1126, 1228, 1306, 1315, 1408, 1413, 1528, 1531*. However, Mr. Turner "continued heavy drinking" while consistently telling his treatment providers that he was not motivated to quit drinking and was not going to stop. *Tr. 388, 449-50, 517, 523, 528, 729, 736, 749, 751, 1019, 1126, 1139, 1141*. Mr. Turner sporadically abstained from alcohol, but his consumption continued, resulting in ongoing symptoms related to pancreatitis. *Tr. 1141, 1219, 1225, 1304, 1305, 1441, 1469, 1518*. A claimant's non-compliance with treatment is a legitimate consideration in evaluating the validity of his alleged disability. See *Holley v. Massanari,* 253 F.3d 1088, 1092 (8th Cir. 2001); *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005) (failure to follow a recommended course of treatment weighs against a claimant's subjective complaints of disability).

The ALJ noted that although Mr. Turner "experienced symptoms, he had little treatment for his alcohol use disorder, and he showed improvement with medication therapy, surgical procedures, and alcohol cessation." *Tr. 24, 875, 1214, 1217, 1413*. Improvement in a condition supports an ALJ's finding that a claimant is not disabled. See *Duvall v. Bisignano*, No. 4:25-cv-00120 KGB-PSH, 2025 WL 1812626, n.6 (E.D. Ark. July 1, 2025); *Locher v. Sullivan*, 968 F.2d 725, 728 (8th Cir. 1992). Additionally, "[a]n impairment which can be controlled by treatment or

medication is not considered disabling." *Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002).

The ALJ also noted that although Mr. Turner "continued reporting abdominal pain, as well as difficulty standing and holding items, his physical exams remained mostly benign showing normal bowel sounds, soft, vaguely tender right upper quadrant and epigastrium, and normal strength in the upper and lower extremities." *Tr. 23.* These consistently normal findings support the ALJ's conclusions.

The ALJ properly listed the relevant impairments, discussed them, and scrutinized the medical records, ultimately finding that Mr. Turner was not disabled. *Martise v. Astrue*, 641 F.3d 909, 924 (8th Cir. 2011) (holding that the ALJ "properly considered the combined effects of [the claimant's] impairments" after discussing each impairment and providing a synopsis of the medical records).

The record contains substantial evidence to support the ALJ's finding that Mr. Turner could perform a reduced range of light work.

## IV.   Conclusion

The ALJ applied proper legal standards in evaluating Mr. Turner's claims, and substantial evidence supports the decision to deny benefits.

7

IT IS THEREFORE RECOMMENDED that the Court affirm the decision and enter judgment in favor of the Commissioner.

Dated 30 March 2026.

_____
UNITED STATES MAGISTRATE JUDGE