**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**LAWRENCE TURNER**                                                    **PLAINTIFF**

**v.**                                    **Case No: 4:25-cv-01029-KGB**

**SOCIAL SECURITY ADMINISTRATION,**
*Commissioner*                                                    **DEFENDANT**

## ORDER

Before the Court is United States Magistrate Judge Edie R. Ervin's Recommended Disposition ("Recommendation") (Dkt. No. 15). Plaintiff Lawrence Turner filed objections to the Recommendation and requested a *de novo* review of the record (Dkt. No. 16). After conducting a *de novo* review of the record, including a review of the Recommendation and objections, the Court adopts the Recommendation in its entirety as this Court's findings in all respects. The Court writes separately to address Turner's objections.

### I.    Background

On December 2, 2022, Turner filed an application for benefits due to high blood pressure, pancreatitis, upper and lower gastrointestinal issues, liver problems, depression, left middle finger removal, and gout (Dkt. No. 15). Turner's claim was denied initially and upon reconsideration (*Id.*). At Turner's request, an Administrative Law Judge ("ALJ") held a hearing on April 15, 2024, where Turner appeared with his lawyer (*Id.*). The ALJ heard testimony from Turner and a vocational expert (*Id.*). The ALJ issued a decision on July 25, 2024, finding that Turner was not disabled (*Id.*). The Appeals Council denied Turner's request for review, making the ALJ's decision the Commissioner's final decision (*Id.*).

After reviewing the evidence, Judge Ervin entered her Recommendation, recommending that the Court affirm the ALJ's decision and enter judgment in favor of the Commissioner (*Id.*). Turner objected (Dkt. No. 16).

Turner specifically objects because he contends that the Commissioner has "set out using a lot of rhetoric and falsehoods" (*Id.*). Turner asserts that he has doctor's orders for no prolonged standing due to his daily medications. Turner asserts that he can barely drive by himself (*Id.*). Further, Turner contends that he has abstained from alcohol for nearly two and a half years in contradiction to his doctor's documentation that Turner stated that Turner would not quit drinking (*Id.*).

## II.    Legal Framework

A person's disabled status under the Social Security Act is considered using a five-step sequential analysis: (1) if the individual is doing substantial gainful activity, he will not be found to be disabled; (2) if the individual does not have either a severe medically determinable physical or mental impairment that meets a duration requirement or a combination of severe impairments meeting a duration requirement, he will not be found to be disabled; (3) if the individual's severe impairment meets or equals a listed impairment, he will be found to be disabled; (4) if the individual can still do his past relevant work, he will not be found to be disabled; and (5) if, based on the individual's residual functional capacity, age, education, and work experience, the individual can make an adjustment to other work, he will not be found to be disabled. 20 C.F.R. § 404.4520(a)–(g); 20 C.F.R. § 416.920(a)–(g). If a claimant's impairment does not meet or equal a listed impairment at step three, the ALJ must determine a claimant's residual functional capacity which will be used in step four and five. 20 C.F.R. § 404.1520(e); *see also Social Security Ruling 96-8P.*

In reviewing an ALJ's decision, the Court examines "whether it is supported by substantial evidence on the record as a whole and whether the ALJ made any legal errors." *Igo v. Colvin*, 839 F.3d 724, 728 (8th Cir. 2016).  The factual findings by the Commissioner are conclusive, so long as they are supported by substantial evidence.  42 U.S.C.S. § 405(g); *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000).  Substantial evidence in this context means less than a preponderance but more than a scintilla.  *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009).  In other words, it is enough that "a reasonable mind would find it adequate to support the [Commissioner's] decision."  *Id.* (quoting *Gonzales v. Barnhart*, 465 F.3d 890, 894 (8th Cir. 2006)).  In assessing whether substantial evidence exists, the Court considers evidence that detracts from the Commissioner's decision as well as evidence that supports it.  *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).  The Court cannot reverse the Commissioner's decision merely because substantial evidence may also support an opposite conclusion.  *Slusser*, 557 F.3d, at 925.

### III.    Discussion

The Court construes Turner's assertions as objections that substantial evidence does not support the ALJ's decision (Dkt. No. 16).  Substantial evidence supports the ALJ's decision.  For example, in reaching the decision, the ALJ discussed Turner's pancreatitis but noted that Turner could "complete activities of daily living independently; and he continued drinking alcohol throughout most of 2022, despite ongoing instructions to avoid alcohol consumption." (Dkt. No. 15, at 5).  The ALJ's finding is supported by the record evidence, which shows that Turner was told repeatedly that he needed to "abstain from alcohol" which would "help prevent recurrence of his alcoholic pancreatitis pain." (*Id.*, at 6).  Further, Turner "continued heavy drinking" while consistently telling his treatment providers that he was not motivated to quit drinking and was not going to stop (*Id.*).  Turner sporadically abstained from alcohol, but his consumption continued,

resulting in ongoing symptoms related to pancreatitis (*Id.*). As Judge Ervin noted in the Recommendation, "[a] claimant's non-compliance with treatment is a legitimate consideration in evaluating the validity of his alleged disability." (*Id.* (citing *Holley v. Massanari*, 253 F.3d 1088, 1092 (8th Cir. 2001); *Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005) (failure to follow a recommended course of treatment weighs against a claimant's subjective complaints of disability))). Even if Turner has abstained from alcohol for the last two and a half years, that does not nullify the ALJ's consideration of his use of alcohol at that time. Additionally, the ALJ specifically considered Turner's "difficulty standing" but noted "his physical exams remained mostly benign showing . . . normal strength in the upper and lower extremities." (*Id.*, at 7).

Having reviewed the Recommendation, the objections, and the record, the Court remains convinced, based on its *de novo* review, that there is substantial evidence to support the ALJ's determination. Turner's objections are therefore without merit. Accordingly, the Court adopts the Recommendation in its entirety (Dkt. No. 15).

### VI.     Conclusion

For the foregoing reasons, the Court:

(1)     adopts the Recommendation in its entirety (*Id.*);

(2)     affirms the final decision of the Commissioner; and

(3)     dismisses Turner's complaint with prejudice (Dkt. No. 2).

It is so ordered this 8th day of June, 2026.

_____
Kristine G. Baker
Chief United States District Judge